**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF KENTUCKY**
**FRANKFORT DIVISION**

IN RE

JUNE JOSEPH                                                                          CASE NO. 09-30812

DEBTOR


**MEMORANDUM OPINION**
**AND ORDER**

This matter is before the Court on the Debtor's Emergency Motion to Enforce Discharge

Injunction Against Kentucky Tax Bill Servicing, Inc. and Bilz & Associates, P.S.C., and for an

Award of Damages, Including Attorney's Fees, Mild Non-Compensatory Monetary Damages,

and Costs ("Sanctions Motion").  [ECF No. 126.]  The Debtor alleges that Kentucky Tax Bill

Servicing, Inc. ("KTBS") and its counsel, Bilz & Associates, P.S.C. ("Bilz"), are seeking to

recover a personal debt discharged in the Debtor's chapter 7 bankruptcy.  KTBS and Bilz filed a

Response to Debtor's Emergency Motion to Enforce Discharge Injunction and Motion for an

Award of Damages in which they deny the Debtor's allegations.  [ECF No. 132.]

A hearing was held on January 18, 2018.  The Court provided an opportunity for the

parties to supplement their papers.  KTBS and Bilz chose to stand on their Response and the

Debtor submitted her reply brief.  [ECF No. 143.]  Thereafter the matter was submitted.

The Sanctions Motion is granted.  KTBS and Bilz have taken actions to collect a debt that

was discharged in the Debtor's bankruptcy case, so they are in contempt of the discharge

injunction.  As a sanction for their contemptible conduct, attorney's fees and costs are assessed

jointly and severally against KTBS and Bilz.  Non-compensatory damages are not imposed,

subject to the admonitions herein.

I.     **Facts and Procedural History.**

A.  **The Debtor's Bankruptcy Case.**

The Debtor filed for chapter 13 relief on October 22, 2009 [ECF No. 1], and converted to

chapter 7 on November 4, 2010 [ECF No. 92].  At the time of filing, the Debtor owned numerous

parcels of real property, including:

The "Franklin County Properties":

- a house and lot located at 128 Allnutt Drive, Frankfort, Franklin County, Kentucky, and
- a house and lot located at 109 Phillips Street, Frankfort, Franklin County, Kentucky.

The "Johnson County Properties":

- 721 Washington Ave., Paintsville,  Johnson County, Kentucky, and
- a house and lot located at KY Lane, Paintsville, Johnson County, Kentucky.

[ECF No. 26, Sch. A.]

The Debtor also scheduled a significant amount of property tax debt.  The City of

Frankfort was listed as one of several secured creditors based on some of the Debtor's property

tax obligations.  [*Id.*]  As a property owner, the Debtor is obligated to pay a tax on the assessed

value of her real property unless an exception applies.  Ky. Const. §§ 3, 171-74; *see also* KY.

REV. STAT. § 132.020(1)(a) (the owner of real property is obligated to pay the annual

assessment).  Due to the Debtor's failure to pay taxes assessed on the Franklin County

Properties, the City of Frankfort had a lien on those properties for eleven years following the

date the taxes became delinquent.  KY. REV. STAT. § 134.420(1).

Unpaid taxes are evidenced by a certificate of delinquency that the taxing authority may

sell to a third party in lieu of pursuing collection on its own.  *See* KY. REV. STAT.

§§ 134.119-129.  The third-party purchaser may collect the tax and other specified amounts from

the taxpayer through a collection action and foreclosure on the tax lien.  KY. REV. STAT.

§§ 134.452, 134.490, 134.546.  The record shows KTBS is a third-party purchaser and holder of

certificates of delinquency associated with the past due taxes assessed on the Franklin County

Properties.  *See infra*.  But the Debtor did not list KTBS as a creditor on her Schedules.

The Debtor received her discharge on December 6, 2011.  [ECF No. 121.]

### B.  The Franklin County Actions.

Two lawsuits were filed in Franklin Circuit Court related to property tax liens on the

Franklin County Properties in 2010.  Case No. 10-CI-01198 addressed tax liens on the Allnutt

Drive property ("Case 1198") and Case No. 10-CI-01199 involved tax liens on the Phillips Street

property ("Case 1199").  Case 1198 and Case 1199 are referred to collectively herein as the

"Franklin County Actions".  Bilz represented KTBS in the Franklin County Actions.

The papers filed indicate KTBS was a named defendant in the Franklin County Actions

because it acquired certificates of delinquency related to the Franklin County Properties.  In late

2016, KTBS moved for *in rem* default and summary judgment in the Franklin County Actions.

The Affidavit of Status of Account filed in Case 1198 shows KTBS is the owner of a certificate

of delinquency for 2002 Franklin County property taxes on the Allnutt Drive property.  [ECF

No. 126-2, p. 11 of 25.]  The Affidavit of Status of Account filed in Case 1199 shows KTBS is

the owner of a certificate of delinquency for 2005 Franklin County property taxes on the Phillips

Street property.  [ECF No. 126-3, p. 10 of 21.]

On December 6, 2016, the Franklin Circuit Court entered its Order Granting in Rem

Default and Summary Judgment in Case 1198.  The Order grants "an *in rem* judgment against

the subject property in the amount of Six Thousand Three Hundred Eighty-Four Dollars and

Fifty Cents ($6,384.50) plus continuing interest in the amount of 12% per annum from date of

entry of judgment until paid." [ECF No. 144, p. 3 of 7.] On March 7, 2017, the Franklin Circuit

Court entered its Order Granting in Rem Default and Summary Judgment in Case 1199. The

Order grants "an *in rem* judgment against the subject property in the amount of Five Thousand

Six Hundred Seventy-Two Dollars and Thirty Cents ($5,672.30) plus continuing interest in the

amount of 12% per annum from date of entry of judgment until paid." [*Id.*, p. 6 of 7.] These *in

rem* judgments are referred to collectively herein as the "Franklin County Judgments".

Counsel for KTBS and Bilz explained at the January 18 hearing that foreclosure sales

followed entry of the Franklin County Judgments. Counsel said one sale did not generate

sufficient funds to satisfy the debt and the other did not sell at all.[1]

### C.  The Johnson County Judgment Liens and Litigation.

Subsequent to, or possibly before, the foreclosure sales of the Franklin County Properties,

KTBS, through Bilz, filed judgment liens naming the Debtor as the "Judgment Debtor" in

Johnson County, Kentucky. The Notice of Judgment Lien regarding Case 1198 was filed March

24, 2017, and is of record in State Lis Pendens Book 71, Page 57, in the Johnson County Clerk's

Office (the "Case 1198 Lien"). [ECF No. 126-4, p. 9 of 10.] The Case 1198 Lien indicates the

judgment amount is $6,384.50 and provides that the filing shall "act as a lien upon all real estate

in your County in which the above Judgment Debtor has any ownership." [*Id.*] The Case 1198

Lien specifically states it is an attempt to collect a debt. [*Id.*, p. 10 of 10.]

The Notice of Judgment Lien related to Case 1199 was also filed March 24, 2017, and is

of record in State Lis Pendens Book 71, Page 55, in the Johnson County Clerk's Office (the

"Case 1199 Lien"). [ECF No. 126-4, p. 7 of 10.] The Case 1199 Lien indicates the judgment

---

[1] Property that does not sell at a foreclosure sale is distributed to the lien holders pro rata based on the amounts of
the certificates of delinquency. *See* KY. REV. STAT. § 134.546(5). The record does not indicate whether that
occurred for this sale.

amount is $5,672.30 and provides that the filing shall "act as a lien upon all real estate in your

County in which the above Judgment Debtor has any ownership." [*Id.*]  The Case 1199 Lien

specifically states it is an attempt to collect a debt.  [*Id.*, p. 8 of 10.]  The Case 1198 Lien and the

Case 1199 Lien are referred to collectively herein as the "Judgment Liens".

On November 13, 2017, Bilz, acting for KTBS, filed a Complaint for Foreclosure with

Notice under the Fair Debt Collection Practices Act in Johnson Circuit Court, being Case No.

17-CI-00386 (the "Johnson County Action").  In the Complaint, KTBS represented that it had

"obtained an in personam judgment against Defendant June Joseph in Franklin Circuit Civil Case

No. 10-CI-1198…and in Franklin Circuit Civil Case No. 10-CI-1199…by virtue of unpaid

certificates of delinquency." [ECF No. 126-4, ¶ 3.]  KTBS further alleged that it is the holder of

the Judgment Liens that are due and payable.  [*Id.*, ¶¶ 4-5.]  In its prayer for relief, KTBS asked

for entry of a "supplemental judgment against June M. Joseph…in an amount to be determined

by the trier of fact," foreclosure on the Johnson County Properties, and payment of the Judgment

Liens from the proceeds of the sale.  [*Id.*, ¶¶ 30-35.]

On January 2, 2018, the Debtor filed an answer and counter-claim asserting the relief

requested is barred by her chapter 7 discharge and violates the discharge injunction.  11 U.S.C.

§§ 727(b) and 524(a).  Shortly thereafter, Bilz asked counsel for the Debtor to agree to an

amendment that would fix the erroneous allegation that KTBS had obtained *in personam*

judgments against the Debtor in the Franklin County Actions.  Debtor's counsel refused and

demanded dismissal of the complaint.  KTBS then filed a motion in the Johnson Circuit Court

asking for leave to file an amended complaint.  [ECF No. 126-9.]

Following numerous attempts to resolve the dispute without court intervention, the

Debtor was forced to file the underlying Sanctions Motion before the hearing on the motion for

leave to file an amended complaint.  Counsel for KTBS agreed at the January 18 hearing that it

would not pursue the pending motion in the Johnson County Action scheduled for hearing the

next day, so immediate relief was not required.  Therefore, any discussion regarding the

emergency nature of the hearing is unnecessary.

## II.    DISCUSSION.

The alleged violation of the discharge injunction arises because KTBS and Bilz filed

Judgment Liens based on the Franklin County Judgments and then pursued foreclosure in the

Johnson County Action in an attempt to satisfy the 2002 and 2005 tax liens assessed on the

Franklin County Properties.  These actions violated the discharge injunction and the Debtor is

entitled to relief.

### A.  The Debtor's Personal Liability on the Certificates of Delinquency Was Discharged, But KTBS Could Pursue the Tax Liens on the Franklin County Properties.

An individual debtor in a chapter 7 proceeding is entitled to a discharge unless any

exceptions apply.  11 U.S.C. § 727(a).  No exceptions were raised in the Debtor's bankruptcy

case, so the Discharge of Debtor in a Chapter 7 Case was entered on December 6, 2011 (the

"Discharge Order").  [ECF No. 121.]

The Discharge Order voids any judgment that establishes personal liability for a

discharged debt.  11 U.S.C. § 524(a)(1).  This means the Debtor's *in personam* tax obligations

evidenced by the certificates of delinquency held by KTBS were discharged.

This is true even though KTBS was not listed as a creditor and did not file a proof of

claim.  KTBS and Bilz seem to suggest in their Response that the omissions justify their actions,

but the failure to list a dischargeable debt in a no-asset chapter 7 case is not meaningful.  Failure

to list a dischargeable debt does not change the fact that the debt was discharged.  *See Zirnhelt v.*

*Madaj (In re Madaj)*, 149 F.3d 467, 472 (6th Cir. 1998) (holding that grounds do not exist to

reopen a closed no-asset chapter 7 case to add an omitted creditor post-discharge because the omitted debt was already discharged).  The debts owed to KTBS are clearly prepetition claims and KTBS conceded the dischargeability of the Debtor's *in personam* liability for tax debts multiple times.  [*See* ECF No. 132, p. 2, 4 and 7 of 16; ECF No. 134 (additional comments by counsel at the January 18 hearing conceding the dischargeability of the Debtor's personal obligations).]

The Discharge Order also "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt [*i.e.*, § 524(a)(1)] as a personal liability of the debtor, whether or not discharge of such debt is waived …"  11 U.S.C. § 524(a)(2).  The discharge injunction promotes the fresh start policy of the Bankruptcy Code.  *In re Oster*, 474 Fed. App'x. 422, 424 (6th Cir. 2012).

The discharge injunction does not, however, interfere with the longstanding principal that prepetition liens survive the bankruptcy case.  As explained by the United States Supreme Court, "a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*." *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S. Ct. 2150, 115 L.Ed.2d 66 (1991).  Therefore, the Debtor's personal liability was discharged, but KTBS was entitled to pursue collection of the Debtor's tax obligations by foreclosure of the tax liens on the Franklin County Properties.

### B.  KTBS Violated the Discharge Injunction by Attempting to Collect the Discharged Personal Obligation of the Debtor.

A creditor that violates the discharge injunction may be held in contempt of court. *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421–423 (6th Cir.2000).  The Debtor has the burden of proof to show by clear and convincing evidence that (1) the creditor violated the

discharge injunction and (2) the creditor did so with actual knowledge of the injunction. *In re Frambes*, Case No. 08-22398, 2012 WL 400735, at *5 (Bankr. E.D. Ky. Feb. 7, 2012).

The Debtor has met her burden by clear and convincing evidence. KTBS and Bilz admit they are trying to collect a prepetition claim evidenced by the certificates of delinquency in the Johnson County Action. [ECF No. 132, p. 2, 4 of 16.] They do not dispute knowledge of the discharge injunction and the record confirms they knew of the Discharge Order at least by July 5, 2013. [ECF No. 126-1 (the Notice of Termination of Automatic Stay filed by Bilz for KTBS in Case 1199 references the Discharge Order).] KTBS and Bilz insist that they are not seeking a personal judgment against the Debtor, and admit the discharge injunction prohibits them from collecting from the Debtor personally. [ECF No. 132, p. 2, 4-5, and 7 of 16.] But KTBS and Bilz claim they are not violating the discharge injunction because they only seek to satisfy the prepetition tax obligations through an *in rem* judgment against the Johnson County Properties.

An examination of the basis for the Johnson County Action does not support KTBS's and Bilz's characterization of their actions. KTBS and Bilz argue that the Johnson County Action does not violate the discharge injunction because it is: (1) a continuation of the *in rem* proceedings on the original tax liens; and (2) it was brought pursuant to a statutory lien created by K.R.S. § 134.546(4). [ECF No. 132, p. 6-10 of 16.] These arguments are unpersuasive because the liens KTBS and Bilz rely on are extinguished, non-existent, or invalid, and the liens could not secure a discharged personal obligation on a prepetition debt.

### 1. The Original Tax Liens were Adjudicated and Extinguished.

Recognizing that only prepetition liens survive the bankruptcy proceeding, KTBS and Bilz argue the Johnson County Action is "nothing more than a continuation of the same *in rem* proceedings on the same tax liens, but against other non-exempt prepetition properties which are

statutorily subject to such tax liens." [ECF No. 132, p. 6 of 16.]  There were only two liens

against the Franklin County Properties held by KTBS when the Debtor filed bankruptcy and

those prepetition tax liens were created by K.R.S. § 134.420(1).  These liens extended only to the

Franklin County Properties pursuant to the plain language of the statute.  KTBS's interest based

on those tax liens was adjudicated in Franklin Circuit Court, resulting in the *in rem* Franklin

County Judgments.  The tax liens were thereafter extinguished when the Franklin County

Properties were sold by the master commissioner.  "In Kentucky, a sale of real property pursuant

to a judicial decree extinguishes a creditor's liens thereon."  *U.S. v. Wood*, 658 F. Supp. 1561,

1566 (W.D. Ky. 1987)) (citation omitted).

The original tax liens never attached to the Debtor's Johnson County Property and cannot

support KTBS's and Bilz's attempt to collect on the certificates of delinquency in the Johnson

County Action.

**2.  K.R.S. § 134.546(4) Does Not Create A Statutory Lien on the Johnson County Properties.**

KTBS also claims the Johnson County Action does not violate the discharge injunction

because it only seeks to satisfy the Franklin County tax liability through an *in rem* judgment

based on a lien created by K.R.S. § 134.546(4). [ECF No. 132, p. 4 of 16.]  Section 134.546(4)

provides:  "Any property while owned by a delinquent taxpayer shall be subject to foreclosure or

execution in satisfaction of a judgment pursuant to an action in rem or an action in personam, or

both, to enforce the obligation."  KTBS argues that K.R.S. § 134.546(4) creates a "statutory

security interest in the subject properties for the amounts of the unsatisfied *in rem* judgments,

which it perfected by filing its notices of lien ... ."  [ECF No. 132, p. 7 of 16.]

KTBS cited no authority to support its argument that K.R.S. § 134.546(4) creates a

statutory lien prepetition or post-petition.  Also, there is no mention of the creation of a lien in

the legislative history of K.R.S. § 134.546, nor has KTBS cited any case law that indicates

subsection (4) creates a lien.  *See, e.g., Talbot v. Todd*, 30 Ky. 456, 464 (Ky. 1832) ("From its

nature, therefore, a lien can only be created by the consent of the party who has the general

property, or by the operation of some positive rule.").  Further, statutes creating liens are strictly

construed in Kentucky, leaving little room for court interpretation.  *Laferty v. Wickes Lumber

Co.*, 708 S.W.2d 107, 109 (Ky. App. 1986); *see also Pearce v. Univ. of Louisville*, 448 S.W.3d

746 (Ky. 2014) ("It is fundamental that the courts 'are not authorized to read into [a] statute

something that is not there.'").

The Kentucky legislature has shown it will use specific language creating a lien when a

statutory security interest is intended.  *See, e.g.,* KY. REV. STAT. § 131.515(1) ("If any person

liable to pay any tax administered by the department, other than a tax subject to KRS 134.420,

neglects or refuses to pay the tax after demand, the tax due together with all penalties, interest,

and other costs applicable provided by law *shall be a lien* in favor of the Commonwealth of

Kentucky."); KY. REV. STAT. § 134.420(1) ("The state and each county, city, or other taxing

district *shall have a lien* on the property assessed for taxes …."); KY. REV. STAT. § 134.810(7)

("… the state and each county, city, urban-county government, or other taxing district *shall have

a lien* on all motor vehicles owned or acquired by the person who owned the motor vehicle at the

time the tax liability arose."); KY. REV. STAT. § 138.880(3) ("The notice required by subsection

(2) of this section *shall be a lien* in favor of the Commonwealth pursuant to KRS 131.515

….[t]he tax *shall be and remain a lien* upon the property, and all property subsequently

acquired….") (emphasis supplied).  There is no such language in K.R.S. § 134.546(4).

Even if K.R.S. § 134.546(4) created a lien, KTBS admits that the lien is to secure the

"unsatisfied *in rem* judgments."  This is the deficiency following the sale of the Franklin County

Properties and thus the personal liability of the Debtor that was discharged. Pursuit of a discharged liability is clearly a violation of the discharge injunction, even if it is supported by a statutory lien. No party has attempted to argue that state law would trump federal law related to the discharge injunction, so an extended discussion of preemption in this area is not required. *See, e.g., Radar v. Carson (In re Radar)*, 488 B.R. 406, 411 (9th Cir. 2013) (discharge is a cornerstone of federal bankruptcy law); *In re Johnston*, 362 B.R. 730 (Bankr. N.D. W.Va. 2007) (a debtor's claim for state law statutory damages for violating the discharge injunction is preempted); KENNETH E. KLEE, BANKRUPTCY AND THE SUPREME COURT 168-96 (LexisNexis 2008) (analyzing Supreme Court precedent on preemption and bankruptcy laws).

Section 134.546(4) does not create a lien, nor could it be used to secure a deficiency judgment post-discharge. Thus, K.R.S. § 134.546(4) is not a valid basis for KTBS's alleged *in rem* recovery.

**3. The Judgment Liens Cannot Support the *In Rem* Relief Sought by KTBS.**

KTBS and Bilz never explained why the Judgment Liens were required if liens were created on or attached to other properties as alleged. Also, K.R.S. 134.546(4) is not addressed in the original complaint, proposed amended complaint, or the Judgment Liens. [ECF No. 126-9.] If liens were created, the Judgment Liens were not necessary.

Regardless, KTBS and Bilz had no right to file the Judgment Liens based on the Franklin County Judgments. Kentucky's judgment lien statute creates a lien to secure for a "final judgment for the recovery of money or costs" against real estate owned by a judgment debtor in the county where the lien is filed. K.R.S. § 426.720(1). The Judgment Liens do not fit within the statute because they are based on the Franklin County Judgments. The title and text of the Franklin County Judgments make it clear they are only intended to act as *in rem* judgments.

11

An *in rem* judgment only affects the property at issue in that particular lawsuit. *See*

*Hanson v. Denckla*, 357 U.S. 235, 246, n. 12, 78 S. Ct. 1228, 2 L.Ed.2d 1283 (1958) (explaining

*in rem*, *in personam*, and *quasi in rem* judgments); *Combs v. Combs*, 60 S.W.2d 368, 369 (Ky.

1933) (same).  An *in rem* judgment does not establish the personal liability of the property owner

and is not effective beyond the particular property it affects. *See, e.g., Epperson v. Halliburton*

*Co.*, 434 P.2d 877 (Okla. 1967) (an *in rem* judgment in a lien foreclosure action was not an

adjudication of the rights of the parties that would support a plea of res judicata in a subsequent

action for the balance due under the contract).

Moreover, KTBS did not seek judgment against the Debtor in her personal capacity in the

Franklin Circuit Court.  The summary judgment motions only sought judgment "against the

interest of June M. Joseph," any unknown spouse and other holders of tax liens against the

Franklin County Properties.  [ECF No. 126-2, p. 1 of 21; ECF No 126-3, p. 1 of 21.]  Further, the

memoranda in support of the summary judgment motions do not even request relief against the

Debtor or her interest in the properties.  [ECF No. 126-2, p. 7 of 21; ECF No. 126 3, p. 6 of 21.]

Without an underlying liability, there cannot be a lien. *See, e.g., Meehan v. Ruby*, Case No.

2009-CA-002402-MR, 2011 WL 1515415, at *4 (Ky. App. Apr. 22, 2011) (an attorney was not

entitled to a judgment lien for fees because there was no judgment setting the amount of the fees)

(unpublished)*; Com., Revenue Cabinet v. Hall*, 941 S.W.2d 481, 482-83 (Ky. App. 1997)

(holding a statutory lien cannot arise until a liability is established).

### 4. KTBS and Bilz Attempted to Collect A Discharged Debt Under the Guise of an *In Rem* Action.

The prepetition tax liens were limited to the Franklin County Properties and extinguished

by their sale.  K.R.S. § 134.546(4) does not create a lien and the Judgment Liens cannot support

the *in rem* relief sought by KTBS and Bilz.  There is simply no lien - judicial, statutory, or

otherwise - to support KTBS's filing of the Johnson County Action.  Even if a lien did exist, it

could only secure the deficiency remaining from the sale of the Franklin County Properties,

which is a personal obligation that was discharged in the Debtor's bankruptcy.

Despite KTBS and Bilz's arguments to the contrary, the Johnson County Action is

nothing more than an attempt to collect a discharged debt through the guise of an *in rem* action.

KTBS's and Bilz's arguments in support of their actions merely show their scramble to find a

valid basis after the fact.  KTBS and Bilz are therefore held in contempt of the discharge

injunction.

**C.  The Debtor Is Entitled to Attorney's Fees and Costs.**

The Debtor has proven by clear and convincing evidence that KTBS and Bilz violated the

discharge injunction.  An award of damages is appropriate.

Section 524(c) does not specifically authorize monetary relief for a violation of the

discharge injunction, but courts may award actual damages based on their inherent contempt

power.  *Cox v. Zale Delaware, Inc*., 239 F.3d 910, 915 (7th Cir.2001) (citing *Pertuso v. Ford*

*Motor Credit Co*., 233 F.3d 417, 421 (6th Cir.2000) (recognizing "the traditional remedy for

violation of [the discharge] injunction lies in contempt proceedings....").  A court may remedy a

violation of the discharge injunction by awarding damages to the Debtor pursuant to 11 U.S.C.

§ 105(a).  *McClatchey v. Parsons (In re Lazy Acres Farm, Inc.)*, 134. F.3d. 371 (6th Cir. 1997)

(unpublished table decision).  An award of actual damages can include attorney's fees.  *Miles v.*

*Clarke (In re Miles)*, 357 B.R. 446, 450 (Bankr. W.D. Ky. 2006).  A court may also award "mild

non-compensatory punitive damages" as necessary to enforce the Bankruptcy Code.  *In re Biery*,

543 B.R. 267, 297 (Bankr. E.D. Ky. 2015).

KTBS and Bilz claim they are "justified in their good faith belief that the Johnson County action is permissible under § 524(a) as a strictly *in rem* action expressly authorized under Kentucky law." [ECF No. 132, p. 11 of 16.]  The previous discussion suggests KTBS and Bilz willfully pursued the personal obligation of the Debtor.  It is not necessary to find willfulness, however, because "[a] creditor's mistaken belief as to the validity of its actions is not a defense to violating the discharge injunction." *In re Martin*, 474 B.R. 789 (B.A.P. 6th Cir. 2012) (table) (holding creditor liable for violating the discharge injunction despite creditor's belief that its debt was excepted from discharge under § 524(f)).

Sanctions are warranted in this situation.  The Debtor has incurred attorney's fees and costs in defending the Johnson County Action and filing and prosecuting the underlying Sanctions Motion.  An appropriate sanction for contemptible conduct is an assessment of the Debtor's attorney's fees and costs incurred as a result.  The Debtor will have an opportunity to supplement the record with proof of the fees and costs incurred due to the violations found herein.

The Debtor also asks for an award of mild, non-compensatory damages.  Additional monetary sanctions are not imposed.  But KTBS and Bilz are now on notice that their actions are a blatant violation of the discharge injunction.  If they continue to take actions that increase the monetary burden on this Debtor, additional sanctions are possible.  Also, any other court may decide to rely on the notice provided by this opinion to impose harsher sanctions for similar conduct.

**III.   CONCLUSION.**

Based on the foregoing, it is ORDERED:

(1)     The Debtor's Sanctions Motion [ECF No. 126] is GRANTED;

(2)     KTBS and Bilz are in contempt for violating the discharge injunction imposed by 11 U.S.C. § 524(a);

(3)     The Debtor's attorney's fees and costs incurred as a result of KTBS's and Bilz's contemptible conduct are assessed jointly and severally against KTBS and Bilz;

(4)     The Debtor shall have 21 days from entry of this Order to supplement the record with proof of the attorney's fees and costs incurred as a result of KTBS's and Bilz's discharge violation;

(5)     KTBS and Bilz shall have 14 days thereafter to object to the reasonableness of the fees and upon expiration of the 14-day deadline, the matter will be submitted;  and

(6)     The Debtor's request for non-compensatory sanctions is denied, subject to the admonitions contained herein.

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Wednesday, February 07, 2018**
**(grs)**